UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HESSENN GROUP LLC, | No. 2:24-cv-00794-KJM-CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT |
| INNERSCOPE HEARING TECHNOLOGIES, INC., | |
| Defendant. | (ECF No. 16) |

Plaintiff Hessenn Group LLC moves the Court for default judgment against defendant InnerScope Hearing Technologies, Inc. ("InnerScope").[1] (ECF No. 16.) Specifically, plaintiff seeks a default judgment against defendant for damages in the amount of $2,247,975.83 plus post-judgment interest for breach of contract and account stated.

Defendant has neither appeared nor opposed the motion. Plaintiff filed an initial motion for default judgment on August 2, 2024 (ECF No. 11), but then filed an amended motion on December 2, 2024 (ECF No. 16). The amended motion is before the Court. The Court previously ordered this motion submitted without appearance and argument pursuant to Local Rule 230(c) & (g). (ECF No. 18.) For the reasons set forth below, plaintiff's motion for default

---

[1] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

1  judgment should be DENIED without prejudice.

2  **I.    BACKGROUND**

3  On March 15, 2024, plaintiff filed a complaint against defendant for breach of contract and account stated. (ECF No. 1.) Plaintiff alleges that plaintiff and defendant entered into a contractual relationship during September 2020. (*Id.* at ¶ 5.) Plaintiff was to provide goods to defendant. (*Id.*) Plaintiff alleges that it did supply goods to defendant and issued invoices for the goods. (*Id.* at ¶ 6.) Plaintiff states the defendant failed to pay the amounts due pursuant to the invoices. (*Id.* at ¶ 7.) Plaintiff alleges that it issued a demand letter to defendant on January 22, 2024, and that defendant did not pay. (*Id.* at ¶ 8.) Plaintiff seeks payment pursuant to the invoices and storage fees to store the products. (*Id.* at ¶ 9.) At the time the complaint was filed, the amount sought for the unpaid invoices was $2,173.700.83 and the amount sought for storage fees was $23,025.00. (*Id.* at 7, 10.) By the time plaintiff filed its amended motion for default judgment, plaintiff sought additional storage fees, totaling $69,075.00, and $5,200.00 of dumping fees. (ECF No. 16 at 3.) Plaintiff requests that the Court enter judgment against defendant for damages, prejudgment interest totaling $354,265.18, and post-judgment interest. (*Id.*) On April 9, 2025, plaintiff filed a proof of service indicating that defendant was served by substituted service on March 25, 2024. (ECF No. 6.)

On May 1, 2024, plaintiff requested Clerk's Entry of Default as to defendant (ECF No. 7), and on May 3, 2024, the Clerk entered default against defendant (ECF No. 8). Plaintiff's amended motion for default judgment filed December 2, 2024 (ECF No. 16) is now before the Court. On May 8, 2025, the Court requested supplemental briefing from plaintiff. (ECF No. 19.) Plaintiff filed a brief informing the Court that the parties did not enter into a formal written agreement, but rather the contractual relationship was "formed through the issuance and acceptance of invoices accompanied by email confirmations." (ECF No. 20 at 2.) Plaintiff also informed the Court that all goods except for those listed in Invoice No. HS-20230302INNS were delivered to defendant. (*Id.*) The goods not delivered were stored by Plaintiff in a leased warehouse. (*Id.*) Finally, plaintiff informed the Court that no payments have been received from defendant. (*Id.*)

////

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys.*, 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

## III. DISCUSSION

### A. Jurisdiction

#### 1. Subject Matter Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th

3

Cir. 1999) (citations omitted). Plaintiff brought this complaint pursuant to 28 U.S.C. § 1332. District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Plaintiff is a Texas limited liability company with its principal place of business in Plano, Texas. (ECF No. 1 at ¶ 1.) Plaintiff is informed and believes that defendant is a Nevada corporation, with its principal place of business in Roseville, California. (*Id.* at ¶ 2.) The amount in controversy exceeds $75,000. (*Id.* at ¶ 10.) The parties are completely diverse, and the Court has subject matter jurisdiction over this action by way of diversity of citizenship pursuant to 28 U.S.C. § 1332.

### 2. Personal Jurisdiction

To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendants in default. *In re Tuli*, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

In order to subject a non-resident defendant to personal jurisdiction, that defendant must have enough minimum contacts with the forum state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted).

Here, plaintiff alleges that defendant has its principal place of business in Roseville, California. Accordingly, personal jurisdiction is satisfied.

### B.  Service of Complaint

In reviewing a motion for default judgment, the court must determine whether defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c).

4

A return of service filed on April 9, 2024, indicates that defendant was served by substituted service at the defendant's place of business in Roseville, California on a "Mark 'Doe'" who is allegedly the "chairman." (ECF No. 6.) Additionally, plaintiff asserts that it mailed a copy of the complaint to the person authorized to accept service. (*Id.*) Based on the information in the return of service, it appears defendant was properly served. *See* Fed. R. Civ. P. 4(h) (a corporation must be served in a judicial district of the United States in the matter prescribed by Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"); *id.* at 4(e)(1) (an individual may be served by following state law in the state where the district court is located); Cal. Civ. Proc. Code §§ 415.20(a) & 416.10 (providing for substituted service for a corporation to a person authorized to receive service of process by leaving a copy of the summons and complaint at the person's usual place of business in the presence of a person apparently in charge of the office and by thereafter mailing copies to the person to be served at the place where the initial copies were left).

### C. Application of *Eitel* Factors

As an initial matter, the Court notes that plaintiff has not addressed the *Eitel* factors in its amended motion for default judgment.

#### 1. Merits of the Substantive Claim and Sufficiency of Pleading

"The second and third *Eitel* factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are often analyzed together." *Johnson v. Qolor LLC*, 2022 WL 3348589, at *1 (N.D. Cal. Aug. 12, 2022) (internal quotation marks and citations omitted). The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *PepsiCo*, 238 F. Supp. 2d at 1175.

##### a. Breach of Contract

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance,

5

1  (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v.*
2  *Goldman*, 51 Cal. 4th 811, 821 (2011). The essential elements for a contract are: (1) parties
3  capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or
4  consideration. *U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal.
5  Civ. Code § 1550). "Contract formation requires mutual consent, which cannot exist unless the
6  parties 'agree upon the same thing in the same sense.'" *Bustamante v. Intuit, Inc.*, 141
7  Cal.App.4th 199, 208 (2006) (quoting Cal. Civ. Code §§ 1580, 1550, 1565). Mutual assent is
8  typically demonstrated by an offer and acceptance communicated to the offeror. *Donovan v. RRL*
9  *Corp.*, 26 Cal.4th 261, 270-71 (2001). "The existence of mutual consent is determined by
10 objective rather than subjective criteria, the test being what the outward manifestations of consent
11 would lead a reasonable person to believe. Accordingly, the primary focus in determining the
12 existence of mutual consent is upon the acts of the parties involved." *Meyer v. Benko*, 55
13 Cal.App.3d 937, 942-43 (1976) (citation omitted).

14       Here, plaintiff has not sufficiently alleged that there is a valid contract between the parties.
15 Plaintiff states that the parties entered into a contractual relationship in or about September 2020.
16 (ECF No. 1 at ¶ 5.) Plaintiff further states that there was no formal written agreement, but that the
17 contractual relationship was formed "through the issuance and acceptance of invoices
18 accompanied by email confirmations." (ECF No. 20 at 2.) However, plaintiff has not provided the
19 Court with any documentation showing that defendant agreed to or accepted the contract. Plaintiff
20 states that defendant accepted invoices and that there are email confirmations, but plaintiff has not
21 provided the Court with these emails, and there is no evidence that the invoices were signed by
22 defendant. The Court does not have enough information to determine whether there was a valid
23 contract between the parties. Accordingly, plaintiff has not sufficiently stated a claim for breach
24 of contract.

25              **b.  Account Stated**

26       The elements of an account stated claim are: "(1) previous transactions between the
27 parties establishing the relationship of debtor and creditor; (2) an agreement between the parties,
28 express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor,

express or implied, to pay the amount due." *Leighton v. Forster*, 8 Cal. App. 5th 467, 491 (2017) (quoting *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969)). A defendant's consent to an account may be implied where the defendant, after receiving the account, "waits for an unreasonable time before making or without making any objection" to it. *Cal. Bean Growers Ass'n v. Williams*, 82 Cal. App. 434, 442 (1927).

Here, plaintiff issued invoices along with each order to defendant, detailing the goods ordered and the amount due and owing on each invoice. (ECF No. 1 at ¶¶ 17, 18; *see* ECF No. 1-1.) Plaintiff also issued a demand letter to defendant on January 22, 2024. (ECF No. 1-2.) However, plaintiff has not adequately shown that there was an "agreement between the parties." Plaintiff has not shown that defendant agreed to pay the amount due on the invoices. As previously stated, plaintiff states that the contractual relationship was formed "through the issuance and acceptance of invoices accompanied by email confirmations." (ECF No. 20 at 2.) However, plaintiff has not shown that defendant accepted the invoices, or provided the Court with the email confirmations.

Plaintiff has not sufficiently pleaded its claims of breach of contract and account stated. Accordingly, the second and third *Eitel* factors support denying default. *See Akrura Pte. Ltd. v. Apero Tech. Grp.*, 2024 WL 2982971, at *1 (C.D. Cal. Apr. 16, 2024). Therefore, plaintiff's motion should be denied without prejudice to the extent plaintiff can provide additional facts demonstrating that there was a valid contract between the parties.

IV.     **CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, it is HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 11) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, hess.0794.24